IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PITT EXCAVATING LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:13-cv-00909 |
|  | ) | Chief Judge Haynes |
| MARY LOU PITT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM**

Before the Court is Plaintiff's motion to alter or amend (Docket Entry No. 70) the Order granting the Defendant's motion to reconsider and dismissing this action for lack of jurisdiction. The order also awarded the Defendant her attorney fees under 28 U. S. C. § 1927. In sum the Plaintiff contends that John W. Pitt, II had sufficient ties to Tennessee when this action was filed and supports this contention with the affidavits of John W. Pitts, II and Plaintiff's counsel. (Docket Entry Nos. 71, 72 and 73). Also before the Court is Defendant's motion for her attorney fees and costs (Docket Entry No. 67) to which Plaintiff has filed a response. (Docket Entry No. 77).

Plaintiff, Pitt Excavating LLC, a Tennessee limited liability company organized and incorporated under the laws of Tennessee, filed this action under 28 U.S.C. §1332, the federal diversity statute, against Defendant, Mary Lou Pitt, a Kentucky citizen, asserting claims for conversion and breach of fiduciary duty. On September 10, 2013, Plaintiff filed an emergency motion for a Temporary Restraining Order ("TRO") seeking an asset freeze and an injunction

against the Defendant's sale of three hundred acres of farmland with a home, tools and equipment. (Docket Entry No. 2). After review, the Court granted relief and ordered Plaintiff to post a $50,000 bond. (Docket Entry No. 12). The Court also set a hearing on the Plaintiff's motion for a preliminary injunction. (Docket Entry No. 36)

In earlier proceedings, the Court denied the Defendant's motion to dismiss. Id. In that motion, the Defendant contended that Plaintiff, Pitt Excavating LLC, is wholly owned by John W. Pitt II, who was its president and a Kentucky citizen. Defendant cited John W. Pitt II's permanent at their Pitts' home and farm in Kentucky. The Defendant is the owner of this Kentucky farm and this residence was awarded to her in her divorce proceedings with John W. Pitt II in 2008. Plaintiff's proof was that Pitt Excavating LLC is organized and incorporated under Tennessee law with its principal place of business in Goodlettsville, Tennessee and that John W. Pitt, II is Plaintiff's president and member. Plaintiff submitted proof that John W. Pitt, II was a citizen of the State of Tennessee prior to the filing of this action. (Docket Entry No. 18, at ¶ 1). Plaintiff also cited John W. Pitt II's apartment in Tennessee since November 2012, his Tennessee driver's license and his payment of a portion of his federal taxes on income earned and apportioned in Tennessee. Id. In support, Plaintiff submitted a residential apartment lease agreement entered in November 2012 for premises located in Madison, Tennessee, utility bills for that property, a Tennessee commercial driver's license issued on October 5, 2011, a Tennessee contractor license and a Tennessee post office box address for Pitt Excavating. (Docket Entry No. 21, at 7-13). The Court concluded that Plaintiff met its burden of proving citizenship for diversity purposes.

The Defendant then moved to reconsider that Order and the Court set a hearing on the Plaintiff's motion for a preliminary injunction and also entertained Defendant's proof on her motion to reconsider at that hearing. The Court denied Plaintiff's motion for a preliminary injunction by separate Order and ordered Plaintiff to submit proof on the Defendant's motion to reconsider. (Docket Entry No. 52, Order). John W. Pitt, II did not submit any proof in response to that Order.

In sum, the Court found that John Pitt II, Plaintiff's sole owner and controlling member, is a citizen of Kentucky. Based upon the Defendant's proof, the Court found that Plaintiff had manufactured facts to invoke the Court's diversity jurisdiction so as to circumvent the Kentucky state court's Orders in the divorce proceedings between the Defendant and John W. Pitt, II. Plaintiff's office and the instruments of its business are in Kentucky. Based upon John Pitt II's statements to the state courts in the divorce and eviction proceedings, John Pitt II was and is a citizen of Kentucky. John Pitt II voted in the 2012 election in Kentucky where he is a registered voter. Plaintiff's ties to Tennessee are at best tenuous and are manufactured. John W. Pitt, II acquired transitory ties to Tennessee to enable him to seek relief in this Court to nullify the Defendant's ownership rights in the Kentucky farm and its assets awarded by the Kentucky court. The Kentucky state divorce decree awarded those properties to the Defendant. Under the applicable law, the Court concluded that Defendant's motion to reconsider should be granted and the Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted. The Court vacated the Order awarding Plaintiff a temporary restraining order and pursuant to 28 U. S. C. §1927, the Court awarded the Defendant her attorney's fees and costs against Plaintiff for

Plaintiff's vexatious and unjustified litigation in this Court.

In its motion to alter or amend, Plaintiff argues that adequate factual bases existed for John W. Pitt, II's ties to Tennessee and his Tennessee citizenship. John W. Pitts, II's affidavit and correspondence in the State court proceedings support this contention. Plaintiff also argues, in essence, that the Court awarded the attorney fees and costs against Plaintiff's counsel who had the right to rely on John W. Pitt's representations about his citizenship.

For several reasons, the Plaintiff's motion to alter or amend should be denied in part and granted in part. First, the Order awarding attorney fees and costs was against Plaintiff, not its counsel. Plaintiff's counsel's argument that jurisdiction is determined when the action is filed, correctly states the general rule, but the general rule has exceptions, such as here, where the party manufactures diversity jurisdiction. To accept Plaintiff's contention would eviscerate the precedents against efforts to manufacture jurisdiction. Gross v. Hougland, 712 F.2d 1034, 1037-38 (6th Cir. 1983) and other authorities cited in the Court's earlier ruling. (Docket Entry No. 65, Memorandum at 5-7). Moreover, the effect of this action was to seek relief that would clearly set aside a Kentucky divorce decree to which John W. Pitt, II agreed.

Second, a motion to alter or amend under Fed. R. Civ. P. 59 is limited to (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice. Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues"; 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence'; and are not the proper

vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" Nagle Industries Inc. v. Ford Motor Co., 175 F. R. D. 251, 254 (E.D. Mich 1997) (quoting Keweenaw Bay Indian Community v. United States, 904 F. Supp. 1139, 1141 (W.D. Mich 1996)). When a Rule 59 motion rests on newly submitted evidence, the party must show "that due diligence would not have uncovered this evidence before the court ruled on [the] motion" sought to be reconsidered. Scott v. Metropolitan Health Corp., 234 Fed. Appx. 341, 366 (6th Cir. 2007). In denying a Rule 59 motion based on new evidence where a petitioner failed to meet such standard, the Supreme Court stated that "[t]here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" Harrington v. Richter, 131 S.Ct 770, 790 (2011) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).

The Court ordered Plaintiff to submit proof prior to ruling on the Defendant's motion to reconsider. (Docket Entry No. 52). Plaintiff did not submit any proof and the facts asserted in the Plaintiff's proof on the motion to alter or amend were well known to Plaintiff prior to the deadline to submit proof on the Defendant's motion to reconsider. Given the precedents cited above, the Court concludes that Plaintiff cannot complain that the Court cannot consider his proof on this motion.

As to the award of attorney fees, such awards under 28 U.S. C. § 1927 are usually imposed against counsel. Thus, the motion to alter or amend should be granted to set aside the Court's earlier reliance on Section 1927. Yet, "[t]he district court has the "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'

5

... In order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002) (quoting Big Yank Corp. V. Linerty Mut. Firs Ins. Co., 125 F.3d 308, 313 (6th Cir. 1997) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) and Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1375 (6th Cir.1987)) "Bad faith performance occurs precisely when discretion is used to recapture opportunities foregone upon contracting." Steven J. Burton, Breach of Contract and the Common Law Duty to Perform in Good Faith, 94 HARV. L. REV. 369, 373 (1980) (emphasis added). See Jordaan v. Hall, 275 F. Supp.2d 778, 792 (N. D. Tex. 2003) (" Riley filed a legally frivolous federal complaint as a means of collaterally attacking a state court divorce decree and initiating yet another court battle with Hall, Jordaan's ex-wife. The complaint Riley signed appears to be a duplicitous measure to undermine the state court proceedings and to disseminate statements about Hall in direct violation of the final divorce decree and related state court orders").

Here, the Kentucky state court order decided the allocation of the property at issue in this action. John W. Pitt, II, Plaintiff's sole owner is using Plaintiff and this Court to relitigate issues that the Kentucky court clearly decided and to which John W. Pitt, II agreed. Such multiplication of proceedings is vexatious and bad faith as reflected in John W. Pitt II's attempt to recapture what he agreed to convey to the Defendant in the Order in the Kentucky divorce proceedings. Upon review of her application and the record in this action, the Court deems the hourly rate and

services set forth in the Defendant's requests for attorney fees and costs are reasonable under precedents of this Court for this type of civil litigation. Thus, the Defendant's motion for attorney fees and costs should be granted as follows: Jones Hawkins and Farmer, PLC (attorney fees and expenses) $20,657.72 and John Phillips (attorney fees and expenses) $ 1,718.70

An appropriate Order is filed herewith.

Entered this the 29th day of April, 2014.

William J. Haynes, Jr.
Chief United States District Judge